IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MANDINGO BOOBYYAA,

      Petitioner,

v.                                         CASE NO. 5:12-cv-403-WS-GRJ

KENNETH TUCKER, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Mandingo Boobyyaa, a/k/a "Keith Mason", an inmate presently confined at Jackson Correctional Institution, initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper (Docs. 2 and 6 (First Amended Complaint).

The court takes judicial notice that Plaintiff has been declared a "three striker" by this court. *See Mason v. Moore*, No. 4:99cv477/WS/WCS (N.D. Fla. Jan. 4, 2000), Docs. 2, 3; *Mason v. State of Florida*, No. 4:99cv5/RH/WCS (N.D. Fla. Feb. 8, 1999), Docs. 6, 7.[1] Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Further, Plaintiff failed to truthfully disclose his prior case filing history, including the fact that he is a "three striker." Plaintiff executed the civil rights complaint form under penalty of perjury on January 8, 2013. Doc. 6 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other

---

[1]Plaintiff is also known as "Keith Mason." The inmate number of the plaintiff in those cases (#250833) is the same as Plaintiff's in the instant case.

lawsuits, including whether they have "ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each and every case so dismissed. *Id*. at 4. Plaintiff responded "yes" and identified the existence of a prior Middle District case. Plaintiff wholly failed to identify the cases in this district, noted above, finding that he was a three-striker, nor did Plaintiff identify all of the more than two dozen cases which this Court located in the PACER case locator that have been filed by Plaintiff. In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2]

Liberally construed, Plaintiff alleges in the instant complaint that is in imminent danger of serious physical injury and should be allowed to proceed as a pauper. Doc. 6. According to the Eleventh Circuit, the relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.

---

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

*White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a

prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in*

*forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185

F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of

assault by other prisoners ceased to exist when plaintiff was placed in administrative

confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526,

531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only

"for genuine emergencies," where "time is pressing" and "a threat . . . is real and

proximate.").

Based upon a review of the complaint as a whole, the Court is not persuaded

that Plaintiff is in imminent danger of serious physical injury. Plaintiff alleges that he

sought protective management following a September 2012 fight with another inmate,

but that his request was denied. Plaintiff makes general allegations that he has been

threatened with harm by inmate gang members, and general allegations that

Defendants have evinced disregard for his claims. Plaintiff asserts that Defendants

disregard DOC regulations and prisoners' rights. Plaintiff contends without any

supporting facts that the DOC officers named as defendants may have "hideous arrest

records" and may be under the influence of illegal drugs. Doc. 6. As the foregoing

authority establishes, such vague and conclusional allegations are insufficient to invoke

the exception to § 1915(g).

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes

provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is

no longer entitled to proceed in forma pauperis must pay the filing fee at the time he

initiates the suit, and failure to do so warrants dismissal. *Dupree v. Palmer*, 284 F.3d

1234, 1236 (11th Cir. 2002).

Accordingly, in light of the foregoing, it is respectfully **RECOMMENDED**:

1.  That leave to proceed as a pauper be **DENIED.**

2.  That pursuant to 28 U.S.C § 1915(g), and as a sanction for Plaintiff's abuse of the judicial process in failing to truthfully disclose his previous cases, that this case be **DISMISSED**.

**IN CHAMBERS** this 23rd day of April 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**